IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**WILLIAM POWELL,**

    **Plaintiff,**

v.

Case No. 2:23-cv-501
Judge Edmund A. Sargus, Jr.
Magistrate Judge Elizabeth P. Deavers

**DIVINE STATUS LLC,**

    **Defendant.**

## OPINION AND ORDER

This case was filed on February 1, 2023. (ECF No. 1.) On May 9, 2023, the Court ordered Plaintiff to show cause why the action should not be dismissed and why an extension of time to effect service should be allowed. (ECF No. 7.) On May 22, 2023, Plaintiff filed Plaintiff's Motion for Service by [Publication], evidently in response to the Court's Order, seeking leave from the Court to attempt to serve Defendant by publication. (ECF No. 8.) For the following reasons, Plaintiff's Motion (ECF No. 8) is **GRANTED**.

Ordinarily, service of process on an individual is made by delivering a copy of the summons and of the complaint to the individual personally, by leaving a copy of each at that individual's residence "with someone of suitable age and discretion who resides there," or by delivering a copy of each to an authorized agent. Fed. R. Civ. P. 4(e)(2). Alternatively, service may be made in accordance with state law. Fed. R. Civ. P. 4(e)(1). Here, Plaintiff requests that he be permitted to effect service of process by publication in a newspaper pursuant to Ohio Rule of Civil Procedure 4.4, which permits such service "when service of process is required upon a party whose residence is unknown." Ohio R. Civ. P. 4.4(A)(1).

Rule 4.4(A)(1) further explains the steps necessary to effect service of process by publication in a newspaper. *Id.* First, before such service may be made, a party or their counsel must file an affidavit "aver[ring] that service of summons cannot be made because the residence of the defendant is unknown to the affiant, all of the efforts made on behalf of the party to ascertain the residence of the defendant, and that the residence of the defendant cannot be ascertained with reasonable diligence." *Id.* Once the affidavit is filed,

> the clerk shall cause service of notice to be made by publication in a newspaper of general circulation in the county in which the action or proceeding is filed. If no newspaper is published in that county, then publication shall be in a newspaper published in an adjoining county. The publication shall contain the name and address of the court, the case number, the name of the first party on each side, and the name and last known address, if any, of the person or persons whose residence is unknown. The publication also shall contain a summary statement of the object of the pleading or other document seeking relief against a party whose residence is unknown, and a summary statement of the demand for relief, and shall notify the party to be served that such party is required to answer or respond either within twenty-eight days after the publication or at such other time after the publication that is set as the time to appear or within which to respond after service of such pleading or other document.

*Id.* Finally, Rule 4.4(A)(1) requires the following as to the publication:

> The publication shall be published at least once a week for six successive weeks unless publication for a lesser number of weeks is specifically provided by law. Service shall be complete at the date of the last publication.

*Id.* After the last publication, the publisher or its agent shall file with the court an affidavit showing the fact of publication together with a copy of the notice of publication, and the affidavit and copy of the notice shall constitute proof of service. *Id.*

Additionally, under Ohio law, "a plaintiff must exercise reasonable diligence in his attempt to locate a defendant before he is entitled to service by publication." *Prosser v. XTO Energy, Inc.*, No. 2:12-cv-0883, 2013 WL 5934435 (S.D. Ohio, Oct. 31, 2013) (quoting *Sizemore v. Smith*, 453 N.E.2d 632, 634 (Ohio 1983)). The court in *Sizemore* considered the question of reasonable diligence:

2

> In that case, the defendant moved to a new address seventeen months prior to the filing of a suit. Plaintiff's counsel checked with the post office and was unable to obtain the new address. He then checked with his own client (Plaintiff) and failed to get defendant's new address. Service was then attempted by publication. The court stated: This court concludes that such minimal efforts do not constitute reasonable diligence.

*Beacham v. Guss*, No. 93 C.A. 163, 1994 WL 672967, at *2 (Ohio Ct. App. Nov. 28, 1994) (citing *Sizemore*, 453 N.E.2d at 635). Indeed, "[r]easonable diligence requires taking steps which an individual of ordinary prudence would reasonably expect to be successful in locating a defendant's address." *Id.* Examples of such methods including a check of the telephone book, the city directory, a credit bureau, county records (such as the auto title department or the board of elections), or an inquiry of former neighbors. *Id.*; *see also Kraus v. Maurer*, 740 N.E.2d 722, 724 (Ohio Ct. App. 2000) (citing *Sizemore*, 453 N.E.2d at 635). These examples, however, "do not constitute a mandatory checklist." *Beacham*, 1994 WL 672967 at *2. Instead, "they exemplify that reasonable diligence requires counsel to use common and readily available sources in his search." *Id.* (citing *Sizemore*, 453 N.E.2d at 635.)

Here, Plaintiff has set forth the following by affidavit to establish his efforts to ascertain Defendant's residence:

- Plaintiff attempted to serve Defendant by certified mail at its primary place of business on February 1, 2023, and "[a]lthough the tracking receipt says it was delivered to Defendant's primary place of business, there is no indication that the correct individuals ever received the complaint or waiver of service of summons";

- Plaintiff hired a process server to perfect service, but the process server "was ultimately unsuccessful" in doing so after three (3) separate attempts in March and April 2023, both at Defendant's primary place of business and at the owner's registered agent address;

3

- Plaintiff concluded that "the registered agent address on the Secretary of State's website for [Defendant] was incorrect, as the owner of the home indicated that [the registered agent] no longer lived at the registered agent address and had not lived in that home for more than seven years";
- Plaintiff engaged its process server to perform a "skip trace" on April 20, 2023, but that attempt was similarly unsuccessful "after diligent attempts."

(ECF Nos. 8, 8-1, 8-2.) Accordingly, Plaintiff has put forth sufficient detail to demonstrate that he has exercised reasonable diligence in his attempts to ascertain Defendant's residence.

Given Plaintiff's efforts, the issue at hand then becomes whether Defendant is "keep[ing] [itself] concealed" with "intent . . . to avoid the service of a summons." Ohio Rev. Code § 2703.14(L). "Concealed," as that term is used in Ohio Revised Code § 2703.14(L), "may reasonably be inferred from plaintiff's inability to locate that defendant after the exercise of reasonable diligence[.]" *Brooks v. Rollins*, 9 Ohio St. 3d 8, 10-11 (1984). Accordingly, a plaintiff does not need to prove actual intent to conceal before service by publication is permitted by a court. *Id.* at 11. Otherwise, this would effectively deny plaintiffs the ability to serve process by publication, as "[t]he only practical way to prove that a defendant had intentionally concealed herself to avoid service would be through the defendant herself." *Id.*; *see also Rasmussen v. Vance*, 293 N.E.2d 114, 119 (Ohio Ct. Comm. Pleas, 1973) ("Testimony was never required as to the actual voluntary, intentional concealment of himself by a defendant in order that valid service by publication be carried out.").

If, like here, a defendant does not present evidence contradicting the inference that he is concealing himself when a plaintiff has exercised reasonable diligence in ascertaining his residence but has failed to do so, then the inference is sufficient to support service by

publication. *Brooks*, 457 N.E.2d at 1160 ("Concealment of a defendant, as that term is used in R.C. 2703.14(L), may reasonably be inferred from plaintiff's inability to locate that defendant after the exercise of reasonable diligence, as that term is used in Civ. R. 4.4(A).") (internal quotations omitted). Furthermore, "[o]nce the inference of concealment is raised, the burden is placed on the defendant to overcome its effect either by producing herself or by producing other independent evidence" and "[a] defendant who stands pat risks a finding of concealment sufficient to satisfy the requirements of R.C. 2703.14(L) and support service of process by publication." *Id.* (citing *Wilson v. Sinsabaugh*, 401 N.E.2d 454 (Ohio Ct. App. 1978)). Accordingly, Plaintiff has sufficiently established the inference that Defendant is concealing itself pursuant to Ohio Revised Code § 2703.14(L).

Accordingly, Plaintiff's Motion for Service by [Publication], ECF No. 8, is **GRANTED**. Plaintiff is **DIRECTED** to submit to the Court, within **SEVEN (7) DAYS** of the date of this Order, a proposed public notice to be published. If the Court determines the proposed notice is proper, Plaintiff shall be permitted to publish it in the Daily Reporter (580 S. High St., Suite 316, Columbus, Ohio 43215) for once per week for a period of six consecutive weeks. Ohio Civ. R. 4.4(A)(1); *U.S. Commodity Futures Trading Comm'n v. Majestic Enter. Collision Repair, Inc.*, No. 4:10-cv-2287, 2011 WL 767890, at *2 (N.D. Ohio Feb. 28, 2011).

**IT IS SO ORDERED.**

Date: May 31, 2023              /s/ *Elizabeth A. Preston Deavers*
                                ELIZABETH A. PRESTON DEAVERS
                                UNITED STATES MAGISTRATE JUDGE