UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**WILLIAM POWELL,**

       **Plaintiff,**

   v.

**DIVINE STATUS LLC,**

       **Defendant.**

**Case No. 2:23-cv-501**
**JUDGE EDMUND A. SARGUS, JR.**
**Magistrate Judge Elizabeth A. Preston Deavers**

## OPINION AND ORDER

This matter is before the Court for consideration of Plaintiff William Powell's Motion for Default Judgment against Defendant Divine Status LLC. (Mot., ECF No. 17.) The time for filing a response has passed, and Defendant has not responded. For the reasons set forth below, the Court **GRANTS** Plaintiff's Motion.

## BACKGROUND

Plaintiff filed this action on February 1, 2023, alleging that Defendant violated the Fair Labor Standards Act ("FLSA") and corresponding Ohio wage laws. (Compl., ECF No. 1.) Plaintiff alleges that from approximately March 1, 2020, to September 25, 2021, he worked for Defendant as a driver. (*Id.* ¶¶ 9–10.) Defendant operates a transport service for disabled individuals. (Mot., PageID 54.) As a driver, Plaintiff transported wheelchair-bound patients to and from their appointments and activities. (Compl. ¶¶ 12, 38.) Plaintiff alleges that he was a non-exempt, hourly employee, even though Defendant classified Plaintiff as an independent contractor. (*Id.* ¶¶ 11–25.) Plaintiff contends that Defendant failed to pay him overtime compensation at a rate of one and

one-half times his regular rate of pay for hours worked in excess of 40 hours during a workweek and instead paid Plaintiff at his regular rate. (*Id.* ¶ 26.)

Plaintiff further alleges that he brought his pay and job classification discrepancies to Defendant's attention several times. (*Id.* ¶¶ 28, 30, 32, 33, 36.) According to Plaintiff, Defendant's response to Plaintiff changed each time, and after the final time Plaintiff raised his concerns to Defendant, Defendant responded by telling Plaintiff "to bring his keys and uniform back to the office on Monday and he would have a termination letter for him." (*Id.* ¶¶ 31, 35, 38.)

Count One of the Complaint seeks relief under the FLSA, 29 U.S.C. § 201, *et seq.* for Defendant's failure to pay Plaintiff overtime wages. (*Id.* ¶¶ 46–55.) Count Two seeks the same relief under the Ohio Minimum Fair Wage Standards Act ("OMFWSA"), Ohio Rev. Code § 4111, *et seq*. (*Id.* ¶¶ 56–59.) Count Three alleges violations of the Ohio Prompt Pay Statute, Ohio Rev. Code § 4113.15, for Defendant's failure to timely compensate Plaintiff. (*Id.* ¶¶ 60–63.)[1] Counts Four and Five allege that Defendant retaliated against Plaintiff under both the FLSA and OMFWSA for Plaintiff's engagement in protected activity. (*Id.* ¶¶ 64–77.)

Defendant has not appeared in this action. As a result, Plaintiff obtained the Clerk of Court's entry of default. (ECF Nos. 15, 16.) Plaintiff now moves for default judgment on all claims and requests an order directing Defendant to produce payroll information within 14 days of the order. (Mot. PageID 66.) Plaintiff further requests that this Court set a hearing date or briefing schedule to determine damages, and permit Plaintiff to file a motion for an award of attorneys' fees. (*Id.*)

---

[1] Plaintiff appears to have mistakenly repeated the same numbered paragraphs. The Court will refer to those paragraphs by the correct numbers.

**STANDARD OF REVIEW**

Federal Rule of Civil Procedure 55 "contemplates a two-step process in obtaining a default judgment against a defendant who has failed to plead or otherwise defend." *Columbus Life Ins. Co. v. Walker-Macklin*, No. 1:15-CV-535, 2016 WL 4007092, at *2 (S.D. Ohio July 26, 2016) (Litkovitz, M.J.). First, a plaintiff must request an entry of default from the Clerk of Courts. Fed. R. Civ. P. 55(a). Upon the Clerk's entry of default, "the complaint's factual allegations regarding liability are taken as true, while allegations regarding the amount of damages must be proven." *United States v. Parker-Billingsley*, No. 3:14-cv-307, 2015 WL 4539843, at *1 (S.D. Ohio Feb. 10, 2015) (Newman, M.J.) (quoting *Broad, Music, Inc. v. Pub Dayton, LLC*, No. 3:11-cv-58, 2011 WL 2118228, at *2 (S.D. Ohio May 27, 2011) (Black, J.)).

Second, if the plaintiff's claims are not for "a sum certain or a sum that can be made certain by computation," the plaintiff must then apply to the Court for a default judgment. Fed. R. Civ. P. 55(b). "Thus, while liability may be shown by well-pleaded allegations, the district court must conduct an inquiry in order to ascertain the amount of damages with reasonable certainty." *DT Fashion LLC v. Cline*, No. 2:16-cv-1117, 2018 WL 542268, at *2 (S.D. Ohio Jan. 24, 2018) (cleaned up) (quoting *Parker-Billingsley*, 2015 WL 4539843, at *1). A court may determine damages without holding an evidentiary hearing if the damages are "capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits." *Parker-Billingsley*, 2015 WL 4539843, at *1.

Plaintiff has obtained an entry of default and the claims are not for a sum certain. (ECF No. 16.) Thus, the Court accepts as true the Complaint's factual allegations and will proceed to analyzing whether the factual allegations establish liability under each of Plaintiff's claims.

## ANALYSIS

Plaintiff moves for default judgment on all of his claims: violations of the FLSA and OMFWSA overtime pay requirements, violations of the Ohio Prompt Pay Act timely payment requirement, and violation of the FLSA and OMFWSA prohibition on retaliation. Plaintiff also requests that this Court deem him the prevailing party for the purposes of awarding attorneys' fees and costs under the FLSA and OMFWSA.

### I. FLSA and OMFWSA Overtime Pay Violations

The Court finds that the Complaint establishes Defendant's liability to Plaintiff under the FLSA and OMFWSA for overtime pay violations. Ohio law incorporates the FLSA's standards and principles for its overtime provisions; thus, the Court may analyze these claims together. *See Thomas v. Speedway SuperAmerica, LLC*, 506 F.3d 496, 501 (6th Cir. 2007) (citing Ohio Rev. Code § 4111.03(A)). The FLSA requires an employer to compensate an employee "at a rate not less than one and one-half times the regular rate at which" the employee is normally compensated for any hours worked "longer than forty hours" in one week. 29 U.S.C. § 207(a)(1). Plaintiff alleges in the Complaint that he was an employee, Defendant was his employer, and Defendant failed to pay him one and one-half times his regular rate of pay for all hours worked in excess of forty hours in one week. (Compl. ¶¶ 4, 5, 7, 8, 9–26.) Thus, Plaintiff is entitled to default judgement under the FLSA and OMFWSA for overtime pay violations. Plaintiff is entitled to recover unpaid overtime wages plus an equal amount in liquidated damages for Defendant's FLSA violations. 29 U.S.C. § 216(b).

### II. Ohio Prompt Pay Act Violations

The Court finds that the Complaint establishes Defendant's liability to Plaintiff under the Ohio Prompt Pay Act. The Ohio Prompt Pay Act requires employers to make semimonthly payment of wages owed to employees for wages earned in the half-month prior. Ohio Rev. Code

§ 4113.15(A). When wages remain "unpaid for thirty days beyond the regularly scheduled payday[,]" employees are entitled to recover liquated damages equal to 6% of the wages owed or $200, whichever is greater. *Id.* § 4113(B). Plaintiff sufficiently alleged that Defendant owes him overtime wages under the FLSA and OMFWSA, which have remained unpaid for more than thirty days after Plaintiff's regularly scheduled payday. (Compl. ¶¶ 60–63.) Thus, Plaintiff is entitled to default judgment under the Ohio Prompt Pay Act and is entitled to recover liquated damages equal to 6% of the wages owed or $200, whichever is greater. Ohio Rev. Code § 4113.15(B).

### III. FLSA and OMFWSA Retaliation

Finally, the Court finds that the Complaint establishes Defendant's liability to Plaintiff for retaliation under the FLSA and OMFWSA. The FLSA provides that it is unlawful to "discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted … any proceeding under or related to this chapter[.]" 29 U.S.C. § 215(a)(3). The OMFWSA provides:

> No employer shall discharge or in any other manner discriminate against any employee because the employee has made any complaint to the employee's employer, or to the director, that the employee has not been paid wages in accordance with sections 4111.01 to 4111.17 of the Revised Code, or because the employee has made any complaint or is about to cause to be instituted any proceeding under or related to those sections, or because the employee has testified or is about to testify in any proceeding.

Ohio Rev. Code § 4111.13(B). Plaintiff has sufficiently alleged that Defendant retaliated against him by terminating Plaintiff after he brought his pay and job classification discrepancies to Defendant's attention several times. (Compl. ¶¶ 28, 30, 32, 33, 36.)

Accordingly, Plaintiff is entitled to default judgment for Count One, failure to pay overtime under the FLSA; Count Two, failure to pay overtime under the OMFWSA; Count Three, failure to promptly pay wages under the Ohio Prompt Pay Act; Count Four, retaliation under the FLSA; and Count Five, retaliation under the OMFWSA.

**IV.     Damages**

Plaintiff's sufficiently pled allegations have established liability, but he "must still establish the extent of damages." *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 110 (6th Cir. 1995) (internal citations omitted). Rule 55(b)(2) provides that a district court may hold a hearing on a motion for default judgment when necessary to "conduct an accounting," or "determine the amount of damages." Fed. R. Civ. P. 55(b)(2). In other words, the Rule, "by its terms, allows but does not require the district court to conduct an evidentiary hearing." *Vesligaj v. Peterson*, 331 F. App'x 351, 354 (6th Cir. 2009) (citing *Fustok v. ContiCommodity Servs., Inc.*, 873 F.2d 38, 40 (2d Cir. 1989)). Plaintiff submits that he is "unable to complete an accounting of the overtime he is owed" because Defendant has refused to provide copies of requested paystubs. (Mot. PageID 65.)

The Court agrees with Plaintiff. Without the payroll information in Defendant's possession, Plaintiff and the Court cannot readily determine the appropriate damages. Thus, the Court **ORDERS** Defendant to produce payroll records and schedules for Plaintiff containing information from which Plaintiff can determine his hours and compensation within **30 days** of this Order.

**V.     Attorneys' Fees and Expenses**

Plaintiff is entitled to recover attorneys' fees and costs under the FLSA and OMFWSA because he has obtained a default judgment. *See* 29 U.S.C. § 216(b); Ohio Rev. Code § 4111.10(A). After resolution of Plaintiff's damages claim, the Court will direct Plaintiff to file his motion for attorneys' fees and costs incurred in connection with this action.

**CONCLUSION**

For the foregoing reasons, the Court **GRANTS** Plaintiff's Motion for Default Judgment. (ECF No. 17.) Defendant is **ORDERED** to provide Plaintiff the schedules and payroll records for Plaintiff within **30 DAYS** of this Order, containing information from which Plaintiff can determine the hours worked each workweek and the compensation he received for such hours. Plaintiff is

6

**ORDERED** to file notice with the Court after receipt of his schedules and payroll records to inform the Court how much time he needs to file a motion for damages. Once Plaintiff submits his damages claim, the Court will determine whether a hearing is necessary. The Court will direct Plaintiff to move for his attorneys' fees and costs after resolution of his damages claim.

    This case remains open.

    **IT IS SO ORDERED.**

**8/1/2024**                                               **s/Edmund A. Sargus, Jr.**
**DATE**                                                 **EDMUND A. SARGUS, JR.**
                                                         **UNITED STATES DISTRICT JUDGE**