UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**WILLIAM POWELL,**

    **Plaintiff,**

  v.                                **Case No. 2:23-CV-501**
                                          **JUDGE EDMUND A. SARGUS, JR.**
                                          **Magistrate Judge Elizabeth P. Deavers**

**DIVINE STATUS, LLC,**

    **Defendant.**

## ORDER

This matter is before the Court on Plaintiff William Powell's Motion for Damages Resulting from Default Judgment. (Mot., ECF No. 25.) Mr. Powell alleged he was a non-exempt, hourly employee (not a contractor) who worked for Divine Status LLC's transport services business between March 1, 2020 and September 25, 2021. (Compl., ECF No. 1, ¶¶ 9–25.) He claimed that Divine Status failed to pay him overtime wages and terminated his employment in retaliation for him raising the issue. (*Id.*, ¶¶ 11–38.) He filed a complaint against Divine Status in February 2023, alleging violations of the Fair Labor Standards Act ("FLSA") and Ohio wage laws. (*Id.*, ¶ 1.) Mr. Powell obtained an entry of default from the Clerk against Divine Status on October 3, 2023, after Divine Status failed to answer or respond. (ECF No. 16.) He then moved this Court for default judgment against Divine Status. (ECF No. 17.)

The Court granted Mr. Powell's motion, holding that he was entitled to default judgment on all his claims. (Opinion and Order, ECF No. 20.) The Court held in abeyance the calculation of damages. (*Id.*, PageID 80–81.) The Court ordered Divine Status to produce Mr. Powell's work schedules and payroll records for the relevant period within 30 days so the Court could more accurately ascertain Mr. Powell's damages. (*Id.*) Divine Status did not comply. Mr. Powell moved

for $4,200 in damages. (Mot., PageID 91.) Divine Status did not file a response.

## I. Mr. Powell's Motion for Damages

Attached to his Motion, Mr. Powell provides his final work timesheet, which reflects 81.97 hours worked between September 13, 2021, and September 26, 2021. (Timesheet, ECF No. 25-1.) The Timesheet bears the Divine Status logo and reflects a total pay of $1,147.58 (presumably before tax and other deductions) for that period. (*Id.*) Accordingly, his pay rate for that period was $14.00 per hour. (*Id.*; Mot., PageID 89.) Mr. Powell suggests that, for the purposes of calculating damages, his overtime pay rate should be $21.00 per hour, which is one-and-one-half times his regular pay rate. (Mot., PageID 89–90.) Although he does not have access to his full payroll records, Mr. Powell estimates that he worked a total of 100 hours of overtime during his employment with Divine Status. (*Id.*) Therefore, he moves for a total of $2,100 in overtime pay (100 hours x $21.00 per hour = $2,100). (*Id.*) He also moves for $2,100 in liquidated damages under the FLSA. (*Id.*, PageID 90.) Last, Mr. Powell asks for post-judgment interest under 28 U.S.C. § 1961.

## II. Analysis

The Court granted Mr. Powell's motion for default judgment because he sufficiently pleaded Divine Status's liability, but Mr. Powell "must still establish the extent of damages." *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 110 (6th Cir. 1995) (internal citations omitted). Rule 55(b)(2) of the Federal Rules of Civil Procedure provides that a district court may hold a hearing on a motion for default judgment when necessary to "conduct an accounting," or "determine the amount of damages." Fed. R. Civ. P. 55(b)(2). In other words, the Rule, "by its terms, allows but does not require the district court to conduct an evidentiary hearing." *Vesligaj v. Peterson*, 331 F. App'x 351, 354 (6th Cir. 2009) (citing *Fustok v. ContiCommodity Servs., Inc.*, 873 F.2d 38, 40 (2d

Cir. 1989)). A court may determine damages without holding an evidentiary hearing if the damages are "capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits." *Wilson v. D&N Masonry, Inc.*, No. 1:12-CV-922, 2014 WL 30016, at *1 (S.D. Ohio Jan. 3, 2014) (Black, J.) (citing *Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983)).

Here, Mr. Powell has provided sufficient documentary evidence regarding his wages for the Court to reasonably ascertain the total amount of damages. The Timesheet reflects a reasonable number of hours worked, total pay, and hourly rate of pay for someone in his profession. Further, it reflects about two hours of overtime work beyond 80 hours for the two-week pay period. Assuming he worked about the same amount of overtime per pay period between March 1, 2020, and September 25, 2021 (41 pay periods), Mr. Powell's estimate of 100 hours of overtime is reasonable. And Mr. Powell's proposed $21.00 per hour overtime pay rate comports with the statutory minimum overtime pay rate of one-and-one-half times normal pay per hour worked in excess of 40 hours per week. *See* 29 U.S.C. § 207; Ohio Rev. Code § 4111.03. Last, the total requested damages of $2,100 in overtime pay is reasonable given the straightforward allegations in the Complaint. Accordingly, the Court concludes that a hearing is unnecessary to reasonably ascertain the damages owed to Mr. Powell. Mr. Powell is entitled to damages of $2,100 in overtime pay.

Mr. Powell is also entitled to recover an equal amount in liquidated damages for Divine Status's FLSA violations under 29 U.S.C. § 216(b). Additionally, Mr. Powell is entitled to post-judgment interest at the applicable federal statutory rate under 28 U.S.C. § 1961 from the date of this Order until the judgment is paid. Last, as this Court determined in its Opinion and Order, Mr. Powell is entitled to attorney's fees and costs under 29 U.S.C. § 216(b). (Opinion and Order,

PageID 80.)

## CONCLUSION

The Court **GRANTS** Mr. Powell's Motion for Damages Resulting from Default Judgment. (ECF No. 25.) The Court **AWARDS** Mr. Powell judgment against Defendant Divine Status LLC in the amount of $2,100 in overtime pay and $2,100 in liquidated damages, for a total of $4,200. The Court also **AWARDS** post-judgment interest from the date of this Order at the applicable federal statutory rate. The Court **DIRECTS** Mr. Powell to submit a motion for attorney's fees and costs **within 30 days of this Order**.

The Clerk is **DIRECTED** to enter judgment and terminate this case on the Court's docket.

**IT IS SO ORDERED.**

**1/7/2025**                                          **s/Edmund A. Sargus, Jr.**
**DATE**                                               **EDMUND A. SARGUS, JR.**
                                                    **UNITED STATES DISTRICT JUDGE**