UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

WILLIAM POWELL,

      **Plaintiff,**

   v.

DIVINE STATUS LLC,

      **Defendant.**

Case No. 2:23-cv-501
Judge Edmund A. Sargus, Jr.
Magistrate Judge Elizabeth P. Deavers

## OPINION AND ORDER

This matter is before the Court on Plaintiff William Powell's Motion for Attorney Fees (ECF No. 28) and a Motion to Withdraw as Attorney for William Powell filed by Mr. Powell's attorney, Rachel Sabo Friedmann (ECF No. 29). For the reasons stated below, the Court **GRANTS** both motions.

### I. Background

Mr. Powell alleged he was a non-exempt, hourly employee (not a contractor) who worked for Divine Status LLC's transport services business between March 1, 2020 and September 25, 2021. (ECF No. 1, ¶¶ 9–25.) He claimed that Defendant Divine Status, LLC failed to pay him overtime wages and terminated his employment in retaliation for him raising the issue. (*Id.* ¶¶ 11–38.) He filed a complaint against Divine Status in February 2023, alleging violations of the Fair Labor Standards Act ("FLSA") and Ohio wage laws. (*Id.* ¶ 1.) Mr. Powell obtained an entry of default from the Clerk against Divine Status on October 3, 2023, after Divine Status failed to answer or respond. (ECF No. 16.) He then moved the Court for default judgment against Divine Status. (ECF No. 17.)

The Court granted Mr. Powell's motion, holding that he was entitled to default judgment

on all his claims. (ECF No. 20.) Mr. Powell moved for $4,200 in damages. (ECF No. 28, PageID 91.) Divine Status did not respond. The Court granted Mr. Powell's motion for damages, including $2,100 in overtime pay and $2,100 in liquidated damages, totaling $4,200, plus post-judgment interest. (ECF No. 26). The Court directed Mr. Powell to move for attorney's fees and costs within 30 days. (*Id.*)

Through his attorney, Ms. Sabo Friedmann, Mr. Powell filed the Motion for Attorney Fees. (ECF No. 28.) Mr. Powell requests fees for 24.8 hours billed by his attorney at her rate of $450 per hour, for a total of $11,160.00, and $1,266.80 in costs, for a total of $12,246.80. (*Id.* PageID 102–03.) Mr. Powell attached an affidavit from Ms. Sabo Friedmann, a line-item log of her hours billed, a list of costs, and receipts. (ECF Nos. 28-1, 28-2, 28-3.)

After Mr. Powell filed his Motion for Attorney Fees, Ms. Sabo Friedmann moved to withdraw as his attorney. (ECF No. 29.) Ms. Sabo Friedmann "believes her withdrawal is mandatory pursuant to [Ohio Rule of Professional Conduct] 1.16(a)(1)," which concerns an attorney's ability to decline or terminate representation. (*Id.* PageID 122.) Ms. Sabo Friedmann avers that a non-waivable conflict has arisen and that she has informed Mr. Powell about the next steps necessary to collect the judgment owed to him. (*Id.*)

**II.     Motion for Attorney's Fees**

    **a.  Applicable Law**

Generally, litigants in federal court bear their own attorneys' fees and expenses. *See Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 247 (1975); s*ee also Key Tronic Corp. v. U.S.*, 511 U.S. 809, 819 (1994) (explaining the "general practice of not awarding [attorney's] fees to a prevailing party absent explicit statutory authority"). But like any general rule, there are exceptions. Several statutes include fee-shifting provisions dependent upon the

success of the party seeking a judicial award of fees. *Ruckelshaus v. Sierra Club*, 463 U.S. 680, 684 (1983).

Once a party establishes that they are entitled to attorneys' fees under an applicable fee-shifting statute, the Court calculates an award of attorneys' fees by using the lodestar method. *Yerkes v. Ohio State Highway Patrol*, No. 2:19-cv-2047, 2024 WL 4929293, at *12, 2024 U.S. Dist. LEXIS 217755, at *35–36 (S.D. Ohio Dec. 2, 2024). The lodestar amount is calculated by multiplying "the number of hours reasonably expended on the litigation" by "a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The Court may then adjust upward or downward that amount after considering several factors. *Barnes v. City of Cincinnati*, 401 F.3d 729, 745–46 (6th Cir. 2005). Ultimately, "[t]he party seeking attorney's fees 'bears the burden of establishing entitlement to an award.'" *Yellowbook Inc. v. Brandeberry*, 708 F.3d 837, 848 (6th Cir. 2013) (quoting *Hensley*, 461 U.S. at 437).

Mr. Powell is entitled to attorney's fees as a prevailing party under the Ohio Prompt Payment Act. *See* Ohio Rev. Code § 4113.61(B)(1). The Court entered default judgment in Mr. Powell's favor on all his claims, and he litigated this case in good faith. *See id.* § 4113.61(B)(2)(a) (instructing courts to consider "[t]he presence of absence of good faith allegations or defenses asserted by the parties" when assessing requests for attorney's fees). The Court proceeds to a lodestar calculation based on counsel's hourly rate and the hours logged on this case.

### b. Hourly Rate

A "reasonable hourly rate" is determined according to the "prevailing market rate," defined as "that rate which lawyers of comparable skill and experience can reasonably expect to command within the venue of the court of record." *Adcock-Ladd v. Sec'y of Treasury*, 227 F.3d 343, 349–50 (6th Cir. 2000) (citing *Hudson v. Reno*, 130 F.3d 1193, 1208 (6th Cir. 1997)).

Ms. Sabo Friedmann's hourly rate is $450. The Court finds that Ms. Sabo Friedmann's hourly rate is reasonable and close to the prevailing market rate for labor-side employment law attorneys of comparable experience in Central Ohio. *See Yerkes*, 2024 WL 4929293 at *14 (approving similar hourly rate for labor-side attorneys with comparable experience in a case involving similar claims). The hourly rate is reasonable for the work performed, and Ms. Sabo Friedmann achieved excellent results for Mr. Powell. The Court sees no reason to adjust upward or downward the hourly rate based on applicable factors. *See id* at *12 (listing adjustment factors including the complexity of the case, the results obtained, the skill required, etc.). The lodestar calculation will include the $450 hourly rate.

    **c. Hours Billed**

In reviewing counsel's hours billed in a motion for attorney's fees, "district courts are not required to . . . 'achieve auditing perfection' but instead must simply to do 'rough justice.'" *Northeast Ohio Coal. for the Homeless v. Husted*, 831 F.3d 686, 703 (6th Cir. 2016) (quoting *Fox v. Vice*, 563 U.S. 826, 838 (2011)). A party's motion for fees is sufficiently supported by "itemized billing records that specify, for each entry, the date that the time was billed, the individual who billed the time, the fractional hours billed (in tenths of an hour), and the specific task completed." *Imwalle v. Reliance Medical Products, Inc.*, 515 F.3d 531, 553 (6th Cir. 2008).

Mr. Powell successfully litigated this case to completion and achieved a default judgment in his favor with his counsel expending only 24.8 hours, which are all itemized in a detailed list of hours billed. (ECF No. 28-2.) The Court has reviewed those time entries and concludes that the hours were reasonably billed. There is no evidence of duplicative, wasteful, or excessive billing. The lodestar calculation will include the 24.8 hours requested.

Accordingly, the lodestar calculation is $450 per hour multiplied by 24.8 hours billed, for

a total of $11,160 in attorney's fees. The Court **GRANTS** Mr. Powell that amount in attorney's fees, as requested.

### d. Costs

Under the Ohio Prompt Payment Act, Mr. Powell may also recover out-of-pocket costs as the prevailing party. *See* Ohio Rev. Code § 4113.61(B)(1). The Court has reviewed Mr. Powell's list of costs incurred, which total $1,266.80 and are supported by receipts. (ECF No. 28-3.) The Court finds that these costs were reasonably incurred in support of the litigation and **GRANTS** the requested costs.

## III. Motion to Withdraw as Attorney

Under this Court's local rules, an attorney seeking to withdraw from representation in a civil case must provide written notice to the client, all counsel, and unrepresented parties, and must obtain leave of court to withdraw. S.D. Ohio Civ. R. 83.4(b). Counsel has identified a conflict of interest precluding her from further representing Mr. Powell in this matter, and she has informed Mr. Powell of the conflict and her need to withdraw through their typical communication method. (ECF No. 29, PageID 122.) She has informed Mr. Powell of the next steps needed to collect on the judgment owed to him and has ensured he understands the current status of the proceedings. (*Id.*)

For good cause shown, the Court **GRANTS** Ms. Sabo Friedmann's Motion to Withdraw as Attorney. (ECF No. 29.)

## IV. Conclusion

For the reasons stated in this opinion and order, the Court **GRANTS** Plaintiff William Powell's Motion for Attorney Fees (ECF No. 28) and **GRANTS** the Motion to Withdraw as Attorney for William Powell filed by Mr. Powell's attorney, Rachel Sabo Friedmann (ECF No. 29). The Court **AWARDS** Mr. Powell $11,160 in attorney's fees and $1,266.80 in costs, for a total

of $12,426.80.

    This case remains closed.

    **IT IS SO ORDERED.**

| | |
|---|---|
| **5/7/2025** | **s/Edmund A. Sargus, Jr.** |
| **DATE** | **EDMUND A. SARGUS, JR.** |
| | **UNITED STATES DISTRICT JUDGE** |